UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JAMES ARTHUR ALSTON, SR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV422-213 |
| ) | |
| S. GREGORY, and DR. O. AWE, ) | |
| ) | |
| Defendants. ) | |

## ORDER

The Court granted *pro se* plaintiff James Arthur Alston, Sr.'s request to proceed *in forma pauperis*. Doc. 6. He has now returned the required forms. *See* docs. 8 & 9. The Court, therefore, proceeds to screen his Complaint. 28 U.S.C. § 1915A. The Prison Litigation Reform Act requires federal courts to screen all civil cases in which a prisoner seeks redress from a governmental entity or official. *See* 28 U.S.C. § 1915A. The Court must dismiss any claims that: (1) are frivolous; (2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek monetary relief from a defendant immune from such relief. *Id.* Similarly, 42 U.S.C. § 1997e(c)(1) allows the Court to dismiss any

prisoner suit brought "with respect to prison conditions," for the same reasons stated in § 1915A.

Alston's allegations concern the quality of medical care he has received while incarcerated at Coastal State Prison ("CSP"). *See* doc. 1 at 3-4. He alleges that he had a triple bypass operation in 2009 and an aortic valve replacement in 2018. *Id.* at 3. While he has been incarcerated at CSP, he has been suffering from cardiac symptoms. *Id.* He alleges that the defendants know he suffers from heart disease, "but refuse to send [him] to the right doctor[,] a cardiologist." *Id.* He alleges multiple appointments and contacts with the prison's "Health Service." *Id.* He also alleges that Defendant Dr. Awe "sent [him] to Augusta Medical State Prison [sic]," in December 2021, for testing. *Id.* He has since had a telemedicine appointment with another doctor, Dr. Thornton. *Id.* at 4. Finally, he alleges that, in July 2022, he was waiting on rescheduled testing at Augusta State Medical Prison. *Id.* He seeks unspecified monetary damages and "to make sure this [doesn't] happen to anyone else lock[ed] up in prison." *Id.*

Liberally construed, Alston's Complaint implicates a claim that his medical care violates the Eighth Amendment. To offend the Eighth

Amendment, a government official must display "deliberate indifference to the serious medical needs of prisoners . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This requires that (1) the prisoner suffered a sufficiently serious medical need; (2) to which the defendants were deliberately indifferent; (3) resulting in an injury. *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007). Whether a serious medical need existed is an objective standard. *Milton v. Turner*, 445 F. App'x 159, 161-62 (11th Cir. 2011). However, whether defendants were deliberately indifferent is subjective and each defendant is "judged separately and on the basis of what that person knows." *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008). To allege deliberate indifference, a plaintiff must plead facts sufficient to show "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Youmans v. Gagnon*, 626 F.3d 557, 564 (11th Cir. 2010) (internal citations and quotation omitted).

A prisoner's mere disagreement with the type of medical treatment he receives, however, is insufficient. *See, e.g., Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985) ("Although [plaintiff/inmate] may have desired different modes of treatment, the care the jail provided did

not amount to deliberate indifference."); *see also Estelle,* 429 U.S. at 107 ("[T]he question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment."); *Sifford v. Hall*, 2016 WL 4578336, at *5 (S.D. Ga. Aug. 31, 2016) (refusal of referral to a cardiologist amounted to a "challenge [to defendant's] medical judgment but do not establish deliberate indifference."). Even if the treatment an inmate receives was negligent, that's not enough to support a § 1983 claim. *See, e.g. Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (citing *Estelle*, 429 U.S. at 106) ("Mere incidents of [medical] negligence or malpractice do not rise to the level of constitutional violations.").

Assuming that Alston's prior cardiac surgeries, and the symptoms he alleges he is currently suffering, are objectively serious, he has not alleged more than negligence or malpractice. He has, perhaps, alleged sufficient facts to support defendants' subjective knowledge of his condition, but he also alleges that treatment has been and, as of July 2022, is being provided. His subjective disagreement with the tests

4

ordered and the failure to refer him to a specific specialist does not allege that either defendant was deliberately indifferent. He has, therefore, failed to state a deliberate-indifference claim.

Although he fails to state a viable claim, "when a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the action." *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015). The Court will, therefore, afford Alston an opportunity to supplement his allegations to address the issues discussed above. Alston is **DIRECTED** to submit his Amended Complaint no later than January 6, 2023. He is advised that his amended complaint will supersede his original pleadings and therefore must be complete in itself. *See Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n. 1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint"); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982). The Clerk is **DIRECTED** to enclose a blank copy of Form Pro Se 14 (Complaint for Violation of Civil

Rights (Prisoner)) with the service copy of this Order for Alston's convenience.

Finally, the Court must assess Alston's filing fee. *See* 28 U.S.C. § 1915(b). Plaintiff's prisoner trust fund account statement reflects $0.00 in average monthly deposits and balance. Doc. 8 at 1. Based upon his furnished information, he does not owe an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). His account custodian shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the

custodian at his next institution in accordance with the terms of the payment directive portion of this Order.[1]

**SO ORDERED**, this 29th day of November, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.