UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |  |
|---|---|---|
| JAMES ARTHUR ALSTON, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-213 |
| | ) | |
| S. GREGORY, and DR. O. AWE, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER AND REPORT AND RECOMMENDATION**

The Court previously directed *pro se* prisoner James Arthur Alston, Sr. to submit an amended complaint. *See* doc. 12. He has now submitted his Amended Complaint. *See* doc. 14. He has also moved for court-appointed counsel. Doc. 13. For the reasons explained below, his request for counsel is **DENIED**. Doc. 13. The Court, therefore, proceeds to screen his Amended Complaint pursuant to 28 U.S.C. § 1915A.

I.   **Motion to Appoint Counsel**

Before screening, the Court will address Alston's request for appointed counsel. Doc. 13. His Motion states only that he cannot afford counsel and that his incarceration will limit his ability to litigate. *Id.* at 1. Alston has no constitutional right to counsel in this civil case. *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014) (citing *Bass v. Perrin*,

1

170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." *Id.* (citing *Bass*, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987), and *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). "[T]his Court has repeatedly found that prisoners do not receive special consideration [for appointed counsel] notwithstanding the challenges of litigation in a case while incarcerated." *Holzclaw v. Milton*, 2019 WL 1474398, at * 1 (S.D. Ga. Apr. 3, 2019) (internal quotation marks and citation omitted); *see also Bell v. Lamb*, 2021 WL 1954739, at * 3 (S.D. Ga. Mar. 30, 2021). General lack of education, including legal education, is also not a sufficient basis

to require appointment of counsel. *See, e.g., Brown v. Wilcher*, 2021 WL 411508, at *1 (S.D. Ga. Feb. 5, 2021).

The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." *McDaniels v. Lee*, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)). Alston has presented "the essential merits of his position" to the Court. There is, therefore, no indication of any "exceptional circumstance" that warrants appointment of counsel. *Fowler*, 899 F.2d at 1096. Alston's motion is, therefore, **DENIED**. Doc. 13.

## II. Screening

Since the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Amended Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th

Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

The Court's prior screening of Alston's Complaint explained that his allegations "concern the quality of medical care he has received while incarcerated at Coastal State Prison ("CSP")." Doc. 10 at 2. His Amended Complaint explains that he is dissatisfied with the care provided by a health service administrator, Defendant Gregory, and CSP's Medical Director, Defendant Awe. *See* doc. 14 at 4. He alleges that both defendants knew that he suffered from cardiac conditions when he arrived at CSP, including a prior surgery to replace his aortic valve. *See id.* at 4-5; *see also* doc. 1 at 3. He alleges that he arrived at CSP on May 4, 2021. *See* doc. 14 at 4. He alleges that he told Dr. Awe about apparent cardiac symptoms, including chest pain, shortness of breath, "legs burning[,] and cataract [and] glaucoma," on May 5, 2021. *Id.* at 5. He alleges that he was examined by medical personnel no fewer than thirteen times. *See id.* at 5-6. He expressly alleges that multiple

practitioners, including an unidentified physician at "Memorial Health in Savannah," ran tests and determined he was "fine." *Id.*

To offend the Eighth Amendment, a government official must display "deliberate indifference to the serious medical needs of prisoners . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This requires that (1) the prisoner suffered a sufficiently serious medical need; (2) to which the defendants were deliberately indifferent; (3) resulting in an injury. *Goebert v. Lee Cty.*, 510 F.3d 1312, 1326 (11th Cir. 2007). Whether a serious medical need existed is an objective standard. *Milton v. Turner*, 445 F. App'x 159, 161-62 (11th Cir. 2011). However, whether defendants were deliberately indifferent is subjective and each defendant is "judged separately and on the basis of what that person knows." *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008).

Despite the constitutional obligation to provide care, the Constitution does not require that prisoners have access to *any* care they believe is necessary. The Supreme Court has explained that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. A prisoner's mere disagreement with the type of medical treatment he receives is

insufficient. *See, e.g., Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985) ("Although [plaintiff/inmate] may have desired different modes of treatment, the care the jail provided did not amount to deliberate indifference."); *see also Estelle,* 429 U.S. at 107 ("[T]he question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment."); *Sifford v. Hall*, 2016 WL 4578336, at *5 (S.D. Ga. Aug. 31, 2016) (allegations of refusal of referral to a cardiologist amount to a "challenge [to defendant's] medical judgment but do not establish deliberate indifference."). Even if the treatment an inmate received was negligent, that's not enough to support a § 1983 claim. *See, e.g., Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (citing *Estelle*, 429 U.S. at 106).

Alston's alleged cardiac problems are a "serious medical need." *See, e.g., Carter v. Broward Cnty. Sheriff Office*, 710 F. App'x 387, 391 (11th Cir. 2017). However, Alston's complaints concerning the medical care he received allege, at most, negligence. He complains that he was not promptly given the results of medical tests, doc. 14 at 5, he alleges brief

6

delays in examination with no discernable consequences, *id.* (alleging complaint on "3-30-22," but was not seen until "April 04, 22"), and he alleges that one of the tests ordered "was the wrong test," *id.* Finally, he objects that he has not been sent "to a cardiology office to have [a] stress test or M.R.I." *Id.* at 6.  It is not entirely clear that any of those allegations even allege that any defendant was negligent, as opposed to alleging merely that they were not as aggressive in their treatment decisions as Alston would prefer.  Regardless, the Court cannot discern any allegation that any defendant was "deliberately indifferent" to Alston's condition.  His Amended Complaint, therefore, fails to state any deliberate indifference claim and should be **DISMMISSED**.

In summary, Alston's request for court-appointed counsel is **DENIED**. Doc. 13.  His Amended Complaint fails to state a claim upon which relief may be granted.  It should, therefore, be **DISMISSED**. 28 U.S.C. § 1915A(b)(1).  This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties.  The document should be captioned


"Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 28th day of December, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA